IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2016 OCT -7 AM 8:55

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY

BANK OF AMERICA, NATIONAL ASSOCIATION, as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates Series 2004-HE5,

           Plaintiff,

-vs-

JOAN LOW,

           Defendant.

Case No. A-14-CA-1017-SS

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Plaintiff's Motion for Summary Judgment on All Claims and Counterclaims and Brief in Support [#50], Defendant's Memorandum in Response [#53] thereto, and Plaintiff's Reply [#56] in support. Having considered the case file and the applicable law, the Court enters the following opinion and order.

### Background

This lawsuit involves a piece of real property located in Travis County, Texas (Property), which is more specifically described as follows:

> LOT 13, BLOCK B, FINAL PLAT THE VILLAGES OF HIDDEN LAKE, PHASE 1, A SUBDIVISION IN TRAVIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT RECORDED UNDER COUNTY CLERK'S DOCUMENT No. 200300119, OFFICIAL PUBLIC RECORDS OF TRAVIS COUNTY, TEXAS.

Mot. Summ. J. [#50] ¶ 1. The address of the Property is 3908 Veiled Falls Drive, Pflugerville, Texas 78660. *Id.*



On March 15, 2004, Noel Ruiz and Sheila Bailey (presumably the owners of the Property) executed a Deed of Trust to secure payment of a mortgage note (Note). *See id.* [#50-1-B] Ex. 1-B (Deed of Trust). The original lender was Aames Funding Corporation, and the Deed of Trust was recorded in Travis County's property records on March 18, 2004. *See id.* On August 8, 2005, Ruiz conveyed the Property to "3908 Veiled Falls Trustee" pursuant to a Warranty Deed. *See id.* [#50-2] Ex. 2. On August 25, 2005, "3908 Veiled Falls Land Trust" executed a Warranty Deed conveying the Property to Defendant Joan Low (Defendant). *See id.* [#50-3] Ex. 3.

Ruiz and Bailey subsequently defaulted on the Note, and on November 2, 2010, a foreclosure sale was conducted due to the default. *See id.* At the time of the sale, Plaintiff Bank of America, National Association as Successor by Merger to LaSelle Bank National Association, as Trustee for Certificate holders of Bear Stearns Asset Backed Securities I, LLC, Asset Backed Certificates Series 2004-HE5 (Plaintiff) was the holder of the Note and the Deed of Trust, as memorialized by a Substitute Trustee's Deed. *See id.* [#50-1-H] Ex. 1-H (Substitute Trustee's Deed).

On December 29, 2011, Defendant filed an "Affidavit of Adverse Possession," in which she claims she has possessed the Property since August 24, 2005. *See id.* [#50-4] Ex. 4 (Adverse Possession Affidavit). Plaintiff filed its Amended Complaint [#9] against Defendant on January 19, 2015, alleging the following causes of action: (1) suit to quiet title and for declaratory judgment and, (2) in the alternative, trespass to try title.[1] Defendant filed her response [#27] on June 15, 2015, and brought suit to quiet title and, in the alternative, requested reimbursement.

---

[1] Plaintiff does not move for summary judgment on this alternative claim. Thus, the Court does not address it.

## Analysis

**I.  Legal Standard**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence

supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld. *Porretto v. Patterson*, 251 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "The principal issue in a suit to quiet title is the existence of a cloud that equity will remove." *Ballard v. Allen*, No. 12-03-00370-CV, 2005 WL 1037514, at *3 (Tex. App.—Tyler May 4, 2005, no pet.). In an action to quiet title, the plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). In other words, the plaintiff must recover on the strength of his own title, not the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.). To bring an action to quiet title, a plaintiff must show "(1) an interest in a specific property, (2) title to the property is affected by a claim by the

defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied).

The Court finds Plaintiff has established all elements of its quiet title claim as a matter of law. First, the Substitute Trustee's Deed is evidence Plaintiff has an lien interest in the Property. Specifically, the Substitute Trustee's Deed shows Plaintiff was the holder of the Note and Deed of Trust and was entitled to foreclose on the Property. *See* Substitute Trustee's Deed at 1; Mot. Summ. J. [#50-1] ¶¶ 10–11 (Benight Affidavit); *Clark v. F.D.I.C.*, 849 F. Supp. 2d 736, 759–60 (S.D. Tex. 2011) ("Substitute Trustee's Deed of Trust, as a matter of law, is prima facie evidence of validity of foreclosure sale."); *Martinez v. Reconstruct Co., N.A.*, No. SA-13-CA-0541-FB, 2015 WL 12552032, at *3 (W.D. Tex. Mar. 13, 2015) (applying *Clark* in summary judgment context).

Second, title to the Property is affected by Defendant's Affidavit of Adverse Possession. *See* Adverse Possession Affidavit.

Third, Defendant's adverse possession claim is not enforceable. To bring an adverse possession claim under Texas law, a plaintiff must establish: (1) visible appropriation and possession of the disputed property; (2) that is open and notorious; (3) that is peaceable; (4) under a claim of right; (5) that is adverse and hostile to the claim of the owner; and (6) consistent and continuous for the duration of the statutory period. *Wells v. Johnson*, 443 S.W.3d 479, 488 (Tex. App.—Amarillo 2014, pet. denied). In addition, since "the doctrine of adverse possession is based on statutes of limitation for the recovery of real property . . . the rightful owner of the property must institute suit within a specific period of time (three, five, ten or twenty-five years depending on various statutory factors and conditions) or subsequently be barred from recovery." *Id.*

Plaintiff argues Defendant cannot establish an adverse possession claim because "she acquired title with record notice of Plaintiff's contractual rights and lien rights . . . ." Mot. Summ. J. ¶ 29. The Court agrees. Specifically, the conveyances from Ruiz to "3908 Veiled Falls Trustee" and from "3908 Veiled Falls Trust" to Defendant were subject to the previously recorded first lien Deed of Trust held by Plaintiff or its predecessor. *See* Mot. [#50] ¶ 23 (citing TEX. PROP. CODE § 13.002 for proposition that an "instrument that is properly recorded in the proper county is . . . notice to all persons of the existence fo the instrument"). Also, as Plaintiff points out, the Deed of Trust provides a right of foreclosure and states:

> If the Property is sold pursuant to [a foreclosure sale], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Deed of Trust ¶ 22. As a tenant at sufferance with a permissive interest, Defendant cannot assert adverse possession unless she has repudiated the tenancy. *See Tex-Wis Co. v. Johnson*, 534 S.W.2d 895, 899 (Tex. 1976) (A permissive tenant "cannot be considered adverse until the tenancy has been repudiated, and notice of such repudiation has been brought home to the titleholder."). Defendant has not argued or presented evidence of any repudiation, actual or inferred. *See* Mot. Summ. J. [#50] ¶ 20 (citing *Tex. Co. v. Argo Oil Corp.*, 277 S.W.2d 308 (Tex. App.—San Antonio 1995, writ ref'd n.r.e.).

Even if Defendant was not a tenant at sufferance, she could not prove the elements of adverse possession under the three-year statute,[2] which requires the land at issue to be held "in peaceable and

---

[2] The five-year and ten-year statutes are inapplicable. *See* Mot. Summ. J. [#50] ¶ 19. "The law is well-settled in Texas that, for adverse possession purposes, the statute of limitations does not run against the mortgagee out of possession and in favor of an adverse claimant until the mortgagee acquires title to land at the foreclosure sale." *Tex. Capital Bank, N.A. v. Hoppe*, No. 14-98-00621-CV, 2000 WL 1125425, at *2 (Tex.

adverse possession under title or color of title" for three years. *See* Tex. Civ. Prac. & Rem. Code § 16.024. "Color of title" means "a consecutive chain of transfers to the person in possession that . . . is not regular because of a muniment that is not properly recorded or is only in writing or because of a similar defect that does not want of intrinsic fairness or honesty." *See id.* § 16.021(2)(B). Defendant had notice of Plaintiff and its predecessor's lien under the Deed of Trust when the Property was conveyed to her.[3] Defendant therefore had no title or color of title to the Property. *See, e.g., Leyva v. Pacheco*, 358 S.W.2d 547, 551 (Tex. 1962) ("A conveyance by a trustee to one with knowledge of the trust is wanting in intrinsic fairness and honesty, therefore will not support the three-year statute of limitation under color of title.").

The only argument Defendant makes to refute Plaintiff's evidence is that "Plaintiff has not produced a single document showing it ever legally acquired the said real property from [sic] the original lender." Resp. [#53] ¶ 12. Defendant has provided no evidence to support this argument. Plaintiff, however, has provided evidence—namely, the Substitute Trustee's Deed of Trust—it was the holder of the Note and Deed of Trust and properly conducted the foreclosure sale. *See, e.g., Salas v. LNV Corp.*, 409 S.W.3d 209, 220 (Tex. App.—Houston [14th Dist.] 2013, no pet.)

---

App.—Houston [14th Dist.] Aug. 10, 2000, no pet.) (citing *Warnecke v. Broad*, 161 S.W.2d 453 (1942)). Plaintiff foreclosed on the Property in November 2010 and Defendant filed her counterclaim in June 2015. *See* Am. Answer [#27]. Thus, Defendant could not have adversely possessed the Property for five or ten years, the duration of the statutory periods.

[3] In addition, because Defendant had notice of Plaintiff or its predecessor's lien, any improvements she made to the Property were not in good faith. *See Parker v. McGinnes*, 842 S.W.2d 357, 363 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("The rule of law is that if a person in good faith and under a color of title, who claims to be the owner of real estate, pays taxes assessed thereon, and if his title is thereafter defeated, he is entitled to be reimbursed, assuming he has made such a plea before the trial court."); *Bemrod v. Wright*, 273 S.W. 938, 940 (Tex. Civ. App.—Amarillo 1925, no writ). Thus, Plaintiff is not entitled to any reimbursement.

(affirming summary judgment in favor of Defendant where deed of trust authorized Defendant to foreclose and Plaintiffs "presented no evidence or substantive argument" in opposition).

In sum, Plaintiff has proven every element of its quiet title action and Defendant has failed to provide any evidence showing the existence of a genuine issue of material fact. The Court GRANTS summary judgment in favor of Plaintiff's quiet title action and against Defendant's quiet title counterclaim. The Court also declares Defendant's Affidavit of Adverse Possession is invalid and of no force or effect, and should be removed from the real property records of Travis County.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Summary Judgement [#50] is GRANTED; and

IT IS FINALLY ORDERED that Plaintiff's requested declaratory relief is GRANTED, as set forth in the accompanying judgment to this opinion.

SIGNED this the 6th day of October 2016.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE